UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| S & B ENTERTAINMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2453 CAS |
| | ) | |
| COAST TO COAST ENTERTAINMENT, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff S&B Entertainment, Inc. is a Missouri corporation with its principal place of business in Missouri, and that defendant Coast to Coast Entertainment, LLC is a New Jersey limited liability company that "transacts business in the State of Missouri." Complaint at 1. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

Unlike a corporation, which is a citizen of both its state(s) of organization and principal place of business, see 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1, limited liability companies are citizens of every state of which any member is a citizen. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Coast to Coast Entertainment, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Coast to Coast Entertainment, LLC or their citizenship.

The Court will grant plaintiff ten (10) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **December 19, 2013**, plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

                                         **CHARLES A. SHAW**
                                         **UNITED STATES DISTRICT JUDGE**

Dated this __9th__ day of December, 2013.