UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S & B ENTERTAINMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-2453 CAS |
| ) | |
| COAST TO COAST ENTERTAINMENT, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF DISMISSAL**

This matter is before the Court on review of plaintiff's First Amended Complaint. On December 9, 2013, the Court ordered plaintiff to file an amended complaint by December 19, 2013, alleging facts to establish the existence of the requisite diversity of citizenship in accordance with GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

In pertinent part, the Memorandum and Order of December 9, 2013 stated:

> The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff S&B Entertainment, Inc. is a Missouri corporation with its principal place of business in Missouri, and that defendant Coast to Coast Entertainment, LLC is a New Jersey limited liability company that "transacts business in the State of Missouri." Complaint at 1. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.
>
> Unlike a corporation, which is a citizen of both its state(s) of organization and principal place of business, see 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1, limited liability companies are citizens of every state of which any member is a citizen. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Coast to Coast Entertainment, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Coast to Coast Entertainment, LLC or their citizenship.

> The Court will grant plaintiff ten (10) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Mem. and Order of Dec. 9, 2013 at 1-2 (Doc. 3).

In the amended complaint filed in response to the Court's Order, plaintiff asserts that the Court has jurisdiction over this case pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1). Plaintiff alleges it is a Missouri corporation with its principal place of business in Missouri, and that defendant Coast to Coast Entertainment, LLC is a "New Jersey limited liability company organized and existing under law with capacity to contract, sue and be sued and whose principal place of business is located in Middlesex County, New Jersey." First Am. Compl. ¶ 2.

The amended complaint fails to comply with the Court's Order and GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004), because it contains no factual allegations concerning the defendant limited liability company's members or their citizenship. As a result, the Court cannot determine whether it has subject matter jurisdiction over this action, and it will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED** for lack of subject matter jurisdiction.

                                                                                                    _____
                                                                                                    **CHARLES A. SHAW**
                                                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of December, 2013.